6908

BROWN v. ROGERS.

INTEREST—ACCOUNTING—JUDGMENT.—When a trial judge modifies the report of a referee on a partnership account by requiring certain additions and subtractions, recommits the case for the modifications to be made and gives judgment for the resultant amount, the judgment is of that date; that the referee made a mistake in making the calculation and judgment was entered for the wrong amount, to correct which error it was necessary to file exceptions, and that a succeeding Circuit judge corrected the error, does not affect the principle, but judgment bears interest from date of first decree.
*Ex parte Farras,* 13 S. C., 254, *distinguished from this case.*

Before MEMMINGER, J., Florence, June, 1907. Affirmed.

Action by M. M. Brown against S. D. Rogers and J. F. Stackley. From Circuit order defendant Rogers appeals.

*Messrs. Willcox & Willcox* and *George Galletly,* for appellant.   Oral argument.

*Messrs. W. F. Clayton* and *S. W. G. Shipp,* contra, cite: 13 S. C., 259; 1 McC., 32; 6 How., 201; 7 Wall., 342.

May 11, 1908.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   In this action, brought for an accounting of the affairs of a partnership, composed of the plaintiff, M. M. Brown, and the defendant, S. D. Rogers, the referee filed a report dated 5th March, 1903, in which he found the defendant to be indebted to the plaintiff in the sum of $2,137.13.   After hearing exceptions to this report, Judge Purdy filed a decree, 13th November, 1905, in which he recommitted the report to the referee to correct certain errors in the items charged, and ordered judgment to be entered for the amount found to be due upon the account so corrected, with interest from 5th March, 1903, the date of the filing of the original report.   From this decree Rogers appealed to this Court, which, by a decree filed 27th February, 1907, held the Circuit Court was in error in allowing interest from the filing of the report, 5th March, 1903, instead of from the date of the decree, 13th November, 1905.   On 24th May, 1907, J. W. McCown, the clerk of the Court of Common Pleas, who was also the referee in the cause, placed in the records of the case the account made by him with the corrections he supposed to be required by Judge Purdy's decree, showing the balance due by the defendant to be $1,683.96.   On the same day, as clerk, he entered judgment for $1,683.96, and interest from 13th November, 1905, the date of Judge Purdy's decree.   Thereafter, the defendant's attorneys excepted to the revised report of the referee on the ground that certain credits required by Judge Purdy's decree had been omitted.   They also moved at the same time to set aside the judgment on the ground that it was premature, because entered before a final judgment on the accounts

as corrected, and because it should bear interest only from the date of such final decree, or at most, only from the date of the filing in the Court of Common Pleas of the remittitur from the Supreme Court.

Judge Memminger heard these matters at Florence, 19th June, 1907, by consent of counsel, and subsequently filed a decree holding the referee to have erroneously omitted credits required by the decree of Judge Purdy, amounting to $23.13, and adjudging that the judgment already entered be reduced by that amount, and bear interest from 13th November, 1905, the date of Judge Purdy's decree. The judgment was thereafter corrected by the clerk as required by this decree.

This appeal from Judge Memminger's decree raises two questions: First, Was the judgment premature in that it was entered on the decree of Judge Purdy which directed certain corrections to be made in the referee's account? Second, Should the balance of $1,660.83 bear interest from the date of Judge Purdy's decree, 13th November, 1905, or from the date of Judge Memminger's decree, 19th June, 1907, or from the date of a judgment to be entered after the latter decree?

Judge Purdy's decree was in reality the final adjudication of the rights of the parties and of the amount due by the defendant. It is true the Judge did not himself make the additions and subtractions required by his findings and set down the result in dollars and cents. But his modifications of the report of the referee required nothing beyond the clerical duty of addition and subtraction, and the result was a certainty, adjudicated and fixed as if resultant figures had been written in the decree. It was, therefore, perfectly proper for him to order judgment for the amount resulting from these additions and subtractions.

That the clerk by inadvertence or otherwise made a clerical error, which it was necessary for Judge Memminger to order corrected, could not affect the principle. It was no more than if Judge Purdy had ordered the clerk to enter judgment for a certain amount with interest from a certain

date, and the clerk had made a mistake of multiplication or division in his computation. The decree of Judge Purdy was, in substance, we have shown, a decree for the payment of a certain sum of money, and under section 1660 of Civil Code, the amount fixed by it bore interest from its date. This view is in accord with the conclusion of the Court on the former appeal, 76 S. C., 180.

The case of *Ex parte Farras*, 13 S. C., 254, is not opposed to the conclusion we have reached. There, while the amount due the parties was stated in the decree, no order was made for its payment or for judgment to be entered or execution issued; and, in addition, the matter was recommitted to the commissioner to make other inquiries as to the liabilities of Dial, one of the parties. Here there was a decree that judgment be entered in favor of the plaintiff for a fixed sum, that is, the amount already reported by the referee, less certain amounts which were stated in dollars and cents in the decree.

No elaboration of the authorities seems necessary. The case falls under and is controlled by the similar cases of *Adicks* v. *Allison*, 21 S. C., 245, and *Bankhead* v. *Good*, 56 S. C., 392, 34 S. E., 689.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.